PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2006 Dodge Grand Caravan struck loose pieces of asphalt as Todd Hoy was driving on 1-79 between Exits 119 and 120 in Harrison County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:30 p.m. on December 8,2007. The speed limit in this area is sixty-five miles per hour. At the time of the incident, claimants were leaving the Meadowbrook Mall and were driving to Super K-Mart. Mr. Hoy testified that he was traveling southbound on 1-79 between the Meadowbrook exit and U. S. Route 5 0 at the Clarksburg/Bridgeport interchange. His wife and three daughters were passengers in the vehicle. As he was driving at between fifty and sixty miles per hour, claimants’ vehicle struck pieces of asphalt that were located in his lane of traffic. The loose pieces of asphalt appeared to have kicked up from the road surface and were already situated on the roadway when claimants’ vehicle struck them. Mr. Hoy testified that he was unable to avoid striking the pieces of asphalt with his vehicle due to the traffic. As a result of this incident, claimants’ vehicle sustained damage to the front driver’s side tire ($102.29) and alignment ($67.41). Thus, claimants’ damages total $ 169.70. Claimants’ insurance deductible at the time of the incident was $500.00.
The position of respondent is that it did not have actual or constructive notice of the condition on 1-79 between Exits 119 and 120. Robert Suan, Assistant Supervisor for respondent in Harrison County, testified that he is familiar with the area where claimants’ incident occurred. Respondent’s crews had patched holes in this area with hot mix on November 28, 2007, but he was uncertain whether the patching was performed at the exact location where claimants incident occurred. He Anther testified that this particular portion of 1-79 South was one of the older sections that had never been overlaid. Respondent did not receive complaints regarding the condition of the road until December 9, 2008.
The well-established principle of law in West Virginia is that the State is neither *240 an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the loose pieces of asphalt which claimants’ vehicle struck. The Court finds that the road had continually deteriorated in this area, and respondent had failed to overlay this portion of 1-79 in a timely manner. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $ 169.70.
Award of $169.70.